IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON SOMMERVILLE,

Plaintiff,

-vs-

CASE NO.: 6:14CV1060-ORL-28KRS

AMERICAN EXPRESS COMPANY,

Defendant.
_____/

## COMPLAINT

Plaintiff, SHARON SOMMERVILLE, by and through her undersigned counsel, sues the Defendant, AMERICAN EXPRESS COMPANY ("AMEX") and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5), and Florida Statutes.

4. Venue is proper in this District because the Plaintiff resides in this District (Orange County) and the Defendant transacts business in Orange County, Florida.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

6. Defendant, AMEX, is a corporation and a citizen of the State of New York with its principal place of business located at 200 Vesey Street, New York, New York.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Orange County, Florida.

8. Defendant, at all times material, was attempting to collect on a American Express consumer account and/or was making calls to Plaintiff's cellular telephone number (407) 758-1558, related to on an American Express account belonging to "Tam Ho," of whom Plaintiff has no knowledge (hereinafter the "subject AMEX account").

9. Plaintiff has never had an American Express account, of any sort, and has no business relationship with American Express Company.

10. Upon information and belief, each call the Defendant, AMEX, made to Plaintiff's cellular telephone number, (407) 758-1558, was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls") as each time Plaintiff answered one of Defendant, AMEX'S, calls a similar length automated and/or prerecorded message would immediately begin to play, and advise Defendant was seeking "Tam Ho" or at other times was directed at the Plaintiff by not disclosing to who the message was for. During the recording, and the artificial or prerecorded voice that

spoke the words "Tam Ho", was a different artificial and/or prerecorded voice that started and ended the messages and there were artificial pauses before and after the different artificial and/or prerecorded voice.

11.     Each of the autodialer calls the Defendant, AMEX, made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

12.     In approximately July, 2013, Plaintiff began receiving the aforementioned autodialer calls from Defendant, AMEX, on her cellular telephone number, (407) 758-1558, concerning a debt arising out of the subject AMEX account for "Tam Ho," of whom Plaintiff had no knowledge.

13.     Plaintiff has been the subscriber, regular user and carrier of the cellular telephone number, (407) 758-1558 since 2006, and was the called party and recipient of Defendant, AMEX's, autodialer calls.

14.     The autodialer calls from Defendant, AMEX, came from telephone numbers which include but are not limited to: 954-503-1806, 623-492-8976, 888-819-2133, 800-592-1176, 800-592-1160, 800-528-4800, and 800-266-5832.

15.     After receiving several of these autodialer calls nearly every day in August, 2013 from Defendant, AMEX, Plaintiff spoke with a representative of AMEX and demanded to speak with a supervisor. After waiting for over 30 minutes on hold, Plaintiff was connected to a supervisor to whom she that: she did not know any "Tam Ho;" that Plaintiff personally did not owe them any money to Defendant; and that they were calling the wrong number. Further, Plaintiff requested the calls from Defendant, AMEX, stop and to be taken off the Defendant's call list.

16.     Despite informing Defendant, AMEX, she was not the person AMEX was attempting to contact, to stop calling, that she was never an AMEX customer and did not owe the subject debt,

the Defendant, AMEX's autodialer calls to Plaintiff's cellular phone continued up to three (3) times a day.

17. After continuing to receive autodialer calls from Defendant, AMEX, Plaintiff again contacted AMEX in approximately, September, 2013, in an effort to have the calls stopped and again spoke to a representative of AMEX, who told Plaintiff that the calls would stop. The calls did stop for a short time period but then started up again, up to four (4) times a day, and from different telephone numbers.

18. The autodialer calls from Defendant, AMEX, continued approximately, on average, three (3) times a day from July, 2013, until approximately January 9, 2014, and it is unknown whether they will ever stop. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff's cellular telephone number over the relevant time period.

19. Attached as **Exhibit "A"** is a true and correct copy of the transcript of the artificial or prerecorded voice messages used and left by Defendant during some or all of its autodialer calls to Plaintiff's cellular telephone number.

20. The Defendant, AMEX, has a corporate policy to use an automatic telephone dialing system (including but not limited to a predictive dialer) or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

21. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond August, 2013, when Plaintiff first advised Defendant that they were calling the wrong number, that she did not know "Tam Ho," and to stop calling Plaintiff.

22. Defendant, AMEX's, corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the wrong party, do not owe a debt to Defendant, that they do not know the person Defendant is attempting to contact, and advising Defendant to stop calling.

23. Defendant, AMEX's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of autodialer calls to Plaintiff.

24. Defendant, AMEX, knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the automated calls to stop.

25. Defendant, AMEX, knowingly employed methods that did not permit the cessation of or suppression of calls to the Plaintiff's cellular telephone.

26. Plaintiff did not expressly consent to Defendant, AMEX's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant, AMEX's placement of the calls.

27. Due to Defendant, AMEx's, constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

28. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-seven (27) above as if fully stated herein.

29. None of Defendant, VERIZON's, autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

30. Defendant, AMEX, violated the TCPA with respect to all of its autodialer caslls made to Plaintiff's cellular telephone number, and willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff first notified Defendant in approximately August, 2013, that Defendant was calling the wrong number, that she did not know "Tam Ho,", that she did not owe the subject debt, and to stop calling Plaintiff.

31. Defendant's conduct evinced a knowing and/or reckless disregard for the privacy right of the Plaintiff, including a knowing and reckless disregard to the Plaintiff's repeated requests to stop the telephone abuse.

32. Defendant, AMEX, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, AMEX, for statutory damages, actual damages, treble damages, punitive damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the Florida Consumer Collection Practices Act "FCCPA")**

33. Plaintiff re-alleges paragraphs one (1) through twenty-seven(27) above and further states:

34. At all times relevant to this action Defendant, AMEX, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

35. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, AMEX, per its conduct in continuing to call Plaintiff on the subject American Express account, despite repeated notifications to stop calling and that Plaintiff was not Defendant's customer, engaged in conduct that can only be construed as conduct alleging that Plaintiff was obligated to pay said debt; including but not limited to the continued harassing calls on this illegitimate debt, and call with messages asking Plaintiff to call Amex back.

36. Defendant, AMEX, has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, an alleged debtor, with such frequency as can be reasonably be expected to harass the Plaintiff.

37. Defendant, AMEX, has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to harass or abuse the Plaintiff, an alleged debtor.

38. Defendant, AMEX, has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt as to Plaintiff, or asserting the existence of a right known not to exist, such as the right to continue to make harassing telephone calls and/or the right to demand that Plaintiff call back Defendant for an important matter, when Defendant had actual knowledge that the debt was not legitimate as to Plaintiff, and when Defendant knew it had no right to continue its call harassment and/or no right to make such demands of the Plaintiff.

39. Defendant, AMEX's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, AMEX, for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, punitive damages, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff

40. Defendant, AMEX's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, AMEX, for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, punitive damages, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff

**Pre-recorded and/or artificial female voice:**
*Hello, this is American Express with an important message for "Tam Ho". This is not a telemarking or sales call. We are calling you to discuss an important matter. Please return our call at 888-395-4133. We are available Monday through Friday 8:00a.m. to Midnight Eastern Time, Saturday 8:00a.m. to 11:00p.m., and Sunday 9:00a.m. to 11:00p.m. Again, the number is 888-395-4133. Thanks for choosing American Express. Good-Bye.*

or

**Pre-recorded male voice:**
*Hello, this message is from American Express. This is not a telemarketing sales call. We are calling you to discuss an important matter. Please return our call at 1-800-592-1160. We will be available Monday through Friday, from 7:00 am until midnight, Saturday 8:00 am until 6:30pm, and on Sunday10:00am until 8:30 pm, eastern time. Thank you.*


EXHIBIT A